IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER BEASLEY, DR. KIFFANY PRIDE,
LAURA SHIRLEY and NICOLE TOWNSEND                PLAINTIFFS

v.                Case No. 4:18-cv-00508-JM

DR. CHARLES MCNULTY, in his official capacity as
Superintendent of Schools of the Pulaski County Special
School District; the BOARD OF DIRECTORS of the
Pulaski County Special School District; and the
PULASKI COUNTY SPECIAL SCHOOL DISTRICT,
a public body corporate                DEFENDANTS

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Answer to the Plaintiffs' First Amended Complaint (ECF Doc. 12), allege and state:

1. Defendants admit the existence of the pleadings, exhibits and documents referred to in paragraph 1 of the First Amended Complaint, which speak for themselves. Defendants admit that the District has had several superintendents over the last two decades, that Dr. Jerry Guess was the superintendent from July 2011 through July 2017, that the District terminated Allen Roberts, District legal counsel, that Dr. Janice Warren served as assistant superintendent and was hired as interim superintendent for the 2017-2018 school year, that at times Warren has responsibilities over Plan 2000, that Derek Scott resigned from his employment with the District, and that Paul Brewer was employed by the District as Chief Executive Officer. Defendants deny the remaining allegations set forth in paragraph 1 of the First Amended Complaint.

2. Defendants admit that Dr. Warren held monthly meetings with school principals regarding Plan 2000. Defendants deny the remaining allegations set forth in paragraph 2 of the First Amended Complaint.

3. Defendants admit the existence of the documents referred to in paragraph 3 of the First Amended Complaint, which speak for themselves. Defendants admit that the District's Board conducted a superintendent search during the 2017-2018 school year, and that Dr. Warren was considered for the position. Defendants deny the remaining allegations set forth in paragraph 3 of the First Amended Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the First Amended Complaint.

5. Defendants admit the existence of the documents referred to in paragraph 5 of the First Amended Complaint, which speak for themselves. Brewer consulted with Warren on budget cuts when she was available. Defendants deny the remaining allegations set forth in paragraph 5 of the First Amended Complaint.

6. Defendants admit the existence of the documents referred to in paragraph 6 of the First Amended Complaint, which speak for themselves. Defendants admit Brewer was directed with making staffing cuts to meet the District's needs to match available revenue with expenditures, and Brewer consulted with both Warren and McNulty, but McNulty made no final decisions. Additional budget cuts were necessitated because attrition of staff was not sufficient to meet budget objectives. The school board never directed the specific elimination of any position. Defendants deny the remaining allegations set forth in paragraph 6 of the First Amended Complaint.

7. Defendants admit Warren had substantial involvement in Plan 2000, but deny the allegations set forth in paragraph 7 of the First Amended Complaint.

8. Defendants admit the existence of the documents and orders referred to in paragraph 8 of the First Amended Complaint, which speak for themselves. Defendants admit that

Plaintiff Shirley was the director of the District's gifted and talented program. Defendants deny the remaining allegations set forth in paragraph 8 of the First Amended Complaint.

9.   Defendants admit Leta Ray and Brandy Beckman were "white" program administrators who had their positions eliminated, but deny Brewer assisted Beckman in finding employment at a neighboring District and deny Ray was given a new position in the District, but instead Ray applied and interviewed for a position, for which she was hired. Defendants admit Ebbs and Kohler were "white" employees who incurred a contract reduction, but Kohler was only given an additional stipend position in the District after it was first offered to a "black" employee affected by the staff cuts who turned it down. Defendants deny the remaining allegations set forth in paragraph 9 of the First Amended Complaint.

10.   Defendants deny the allegations set forth in paragraph 10 of the First Amended Complaint.

11.   Defendants admit that Plaintiff Shirley's contract was reduced, but she was offered additional duties to raise her pay, which she declined, and then offered to Kohler. Defendants deny the remaining allegations set forth in paragraph 11 of the First Amended Complaint.

12.   Defendants admit that Plaintiffs seek to invoke jurisdiction and venue in this Court. Defendants otherwise deny the allegations set forth in paragraphs 12, 13 and 14 of the First Amended Complaint.

13.   Defendants deny the allegations set forth in paragraph 15 of the First Amended Complaint.

14.   Defendants admit that Plaintiffs are African-American, were employed by PCSSD as certified teachers, and that they are United States citizens. Defendants otherwise deny the allegations set forth in paragraph 16 of the First Amended Complaint.

15. Defendants admit that they are defendants in this lawsuit. Defendants deny the remaining allegations set forth in paragraph 17 of the First Amended Complaint.

16. Defendants admit Plaintiffs' academic and work history in the District and the Notices of Right to Sue issued by the EEOC, which speak for themselves. Defendants deny the remaining allegations set forth in paragraphs 18, 19, 20 and 21 of the First Amended Complaint.

17. Defendants deny the allegations set forth in paragraph 22 of the First Amended Complaint.

18. Defendants deny the allegations set forth in paragraph 23 of the First Amended Complaint.

19. Defendants deny the allegations set forth in paragraph 24 of the First Amended Complaint.

20. Defendants admit the budget reductions referred to in paragraph 25 of the First Amended Complaint. Defendants otherwise deny the allegations set forth in paragraph 25 of the First Amended Complaint.

21. Leta Ray was not retained by Defendants but applied and interviewed for an open position, for which she was hired. Defendants otherwise deny the allegations set forth in paragraph 26 of the First Amended Complaint.

22. Defendants admit the existence of the documents referred to in paragraph 27 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 27 of the First Amended Complaint.

23. Defendants admit that the District issued notices of non-renewal to the Plaintiffs. Defendants otherwise deny the allegations set forth in paragraph 28 of the First Amended Complaint.

24. Defendants admit the existence of the documents referred to in paragraph 29 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 29 of the First Amended Complaint.

25. Defendants admit the existence of the documents referred to in paragraph 30 of the First Amended Complaint, which speak for themselves. Plaintiffs' positions were eliminated as part of a non-renewal and the RIF policy was not applicable. Defendants deny the remaining allegations set forth in paragraph 30 of the First Amended Complaint.

26. Defendants admit that Dr. Charles McNulty began employment in the District on July 1, 2018. Dailey and Blackwell were in separate departments not comparable to Plaintiffs. Defendants deny the remaining allegations set forth in paragraph 31 of the First Amended Complaint.

27. Defendants admit the existence of the documents referred to in paragraph 32 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 32 of the First Amended Complaint.

28. Defendants admit the existence of the documents referred to in paragraph 33 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 33 of the First Amended Complaint.

29. Defendants admit the existence of the documents referred to in paragraph 34 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 34 of the First Amended Complaint.

30. Defendants deny the allegations set forth in paragraph 35 of the First Amended Complaint.

31. Defendants deny the allegations set forth in paragraph 36 of the First Amended Complaint.

32. Defendants admit the existence of the documents referred to in paragraph 37 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 37 of the First Amended Complaint.

33. Defendants deny the allegations set forth in paragraph 38 of the First Amended Complaint.

34. Defendants admit that they were aware of monthly meetings and admit the existence of reports to the Court, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 39 of the First Amended Complaint.

35. Defendants admit the existence of the documents referred to in paragraph 40 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 40 of the First Amended Complaint.

36. Defendants admit the existence of the documents referred to in paragraph 41 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 41 of the First Amended Complaint.

37. Defendants admit the existence of the documents referred to in paragraph 42 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 42 of the First Amended Complaint.

38. Defendants admit the existence of the documents referred to in paragraph 43 of the First Amended Complaint, which speak for themselves. Plaintiffs were not subject to a reduction in force. Defendants deny the remaining allegations set forth in paragraph 43 of the First Amended Complaint.

39. Defendants admit the existence of the documents referred to in paragraph 44 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 44 of the First Amended Complaint.

40. Defendants admit the existence of the documents referred to in paragraph 45 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 45 of the First Amended Complaint.

41. Defendants admit the existence of the law referred to in paragraph 46 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 46 of the First Amended Complaint.

42. Defendants admit the existence of the documents referred to in paragraph 47 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 47 of the First Amended Complaint.

43. Defendants admit the existence of the law and documents referred to in paragraph 48 of the First Amended Complaint, which speak for themselves. Defendants deny the remaining allegations set forth in paragraph 48 of the First Amended Complaint.

44. Defendants deny the allegations set forth in paragraph 49 of the First Amended Complaint.

45. Defendants deny the allegations set forth in paragraph 50 of the First Amended Complaint.

46. Defendants deny the allegations set forth in paragraph 51 of the First Amended Complaint.

47. Defendants deny the allegations set forth in paragraph 52 of the First Amended Complaint.

48. Defendants deny the allegations set forth in paragraph 53 of the First Amended Complaint.

49. Defendants deny the allegations set forth in paragraph 54 of the First Amended Complaint.

50. Defendants deny the allegations set forth in paragraph 55 of the First Amended Complaint.

51. Defendants deny all of the prayers for relief in the "WHEREFORE" paragraph set forth in the First Amended Complaint.

52. Except where previously admitted herein, Defendants deny each and every allegation set forth in the First Amended Complaint.

53. Defendants reserve the right to plead further by way of counterclaim, third party claim, or amended answer pending discovery in this litigation.

**JURY DEMAND**

54. Defendants request trial by jury on all matters triable by a jury.

**AFFIRMATIVE DEFENSES**

55. Defendants affirmatively plead that many of the allegations contained in Plaintiffs' First Amended Complaint are irrelevant to their causes of action and pertain to ongoing desegregation litigation pending in other courts and parts of the First Amended Complaint should be severed, if not dismissed.

56. Defendants affirmatively state that Plaintiffs' claims are barred by principles of statutory and governmental immunity.

57. Defendants affirmatively plead that Plaintiffs have not taken appropriate steps to mitigate any alleged damage and therefore are entitled to no damages whatsoever.

58. Defendants affirmatively plead as a defense the applicable statute of limitations.

59. Defendants affirmatively state that the action is barred pursuant to Fed. R. Civ. P. 12(b).

60. Defendants affirmatively state that Plaintiffs' claims for equitable relief are barred as a matter of law.

61. Defendants affirmatively state that all actions taken by them with regard to Plaintiffs were in good faith.

62. Defendants affirmatively state that Plaintiffs' claims are barred for failure to comply with the requirements of Title VII of the Civil Rights Act of 1964.

63. Plaintiffs' action or inactions preclude assertion of Plaintiffs' present claims. Defendants affirmatively state that this action is frivolous, unreasonable, and groundless, and accordingly, are entitled to reasonable attorney's fees and other costs associated with the defense of this action.

64. Defendants assert that they acted reasonably and in compliance with the law at all times relevant hereto.

65. Defendants assert that they maintain and enforce a policy prohibiting discrimination including, without limitation, a method of raising complaints of discrimination and of remediating such complaints in compliance with applicable law, and that Plaintiffs unreasonably failed to use such policy and procedures.

66. To the extent Plaintiffs complain of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, this court lacks jurisdiction of such claims under Title VII or other applicable law.

67. To the extent Plaintiffs complain of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, such claims are barred under Title VII or other applicable law by the applicable statute of limitations.

68. Defendants affirmatively plead the affirmative defense of laches.

69. Defendants affirmatively state that Plaintiffs' claims and the remedies sought are barred by the doctrine of unclean hands.

70. Defendants affirmatively state that Plaintiffs are estopped from alleging in their actions any matters that were not properly alleged in a charge of discrimination timely filed with the EEOC.

71. To the extent Plaintiffs failed to file the complaint within ninety (90) days of receipt of a Notice of Right to Sue, Plaintiffs' claims are barred by the applicable statute of limitations.

72. Defendants affirmatively state that Plaintiffs and the remedies sought are barred by the principle of estoppel.

73. Defendants affirmatively state that any alleged violations of law attributed to any employee of the Pulaski County Special School District were committed, if at all, outside the scope of that employee's employment with the Defendant.

74. Defendants affirmatively state that they did not authorize any unlawful acts of which Plaintiffs complain.

75. Defendants affirmatively state that Plaintiffs' action is barred by their failure to initiate and exhaust applicable internal complaint procedures and remedies.

76. Defendants affirmatively state that Plaintiffs' claims and requested relief are barred by their unreasonable failure to take advantage of available preventative or corrective opportunities or to avoid harm otherwise.

77. Defendants affirmatively state that Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

78. All claims asserted in the First Amended Complaint are barred because Defendants did not engage in any unlawful conduct, and no act or omission of Defendants caused the Plaintiffs any injury, including the injury alleged in the First Amended Complaint.

79. The First Amended Complaint fails to allege a basis for the relief claimed, including without limitation, any claims for statutory damages and attorneys' fees.

80. The claims for equitable, injunctive, and declaratory relief are barred because Plaintiffs have an adequate remedy at law.

81. The alleged conduct of Defendants cannot support an award of punitive damages and any award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the Constitution of the State of Arkansas.

82. Any award of punitive damages to the Plaintiffs would be in violation of the constitutional rights and safeguards provided to Defendants under the Constitution of the United States of America including, without limitation, because there are no limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, the imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

83. Imposition of punitive damages in this case would violate Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

84. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendants under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of the Constitution of the State of Arkansas, in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

85. Any award of punitive damages to the plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or the Constitution of the State of Arkansas, in that said punitive damages would be an imposition of an excessive fine.

86. Defendants affirmatively plead as defenses the applicable statute of limitations and the Statute of Frauds.

87. Defendants affirmatively plead as a defense the qualified privilege doctrine.

WHEREFORE, Defendants pray that Plaintiffs' First Amended Complaint be denied and that they take nothing thereby; for Defendants' attorney's fees and costs incurred herein; and for all other appropriate relief to which Defendants may be entitled.

Respectfully submitted,

**/s/ Jay Bequette**, Ark. Bar No. 87012
**/s/ W. Cody Kees**, Ark. Bar No. 2012118
Attorneys for Defendants
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
ckees@bbpalaw.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John W. Walker
Shawn G. Childs
1723 Broadway
Little Rock, AR 72206
johnwalkeratty@aol.com

           **/s/ Jay Bequette**

Z:\pcssd\Beasley, et al\Answer to First Amended Complaint.docx