IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| JENNIFER BEASLEY, DR. KIFFANY PRIDE, LAURA SHIRLEY, AND NICOLE TOWNSEND | PLAINTIFFS |
| v.   No. 4:18-cv-00508-DPM | |
| DR. CHARLES MCNULTY, in his official capacity as Superintendent of Schools of the Pulaski County Special School District; the BOARD OF DIRECTORS of the Pulaski County Special School District; and the PULASKI COUNTY SPECIAL SCHOOL DISTRICT, a public body corporate | DEFENDANTS |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Statement of Undisputed Material Facts, allege and state:

1. This is an employment discrimination action. Each Plaintiff brings suit against PCSSD pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Protection Clause of the Fourteenth Amendment, as enforced by 42 U.S.C. § 1983 ("§1983") and the Arkansas Teacher Fair Dismissal Act ("ATFDA"), Ark. Code Ann. § 16-17-1501, *et seq.* *See* Second Amended Complaint, ECF Doc. 22, generally and specifically at ¶ 14.

2. Plaintiffs Beasley, Pride, and Townsend were all Program Administrators for PCSSD. *Id.* at ¶¶ 19, 20, and 22. Plaintiff Shirley is still employed with PCSSD in the same position of Director of Gifted and Talented Education, but under a reduced contract length. *Id.* at ¶ 21.

3. Prior to the approval of budget allocations for 2018-19, PCSSD sought to greatly reduce its budget. *Id.* at ¶ 24.

4.      Upon review of the allocations and proposed budget, PCSSD discovered that attrition would not sufficiently account for the amount of reduction needed. *See* Answer to Second Amended Complaint, ECF Doc. 25 at ¶ 6.

5.      The need to reduce PCSSD's budget for 2018-2019 was legitimate and necessary. At the administrative hearing for Plaintiffs held on June 11, 2018, under the Arkansas Teacher Fair Dismissal Act, PCSSD's chief financial officer, Denise Palmer, testified regarding the Preliminary Budget Projection for 2018-2019. *See* Preliminary Budget Projection 2018-2019, attached to PCSSD's Motion for Summary Judgment as Exhibit 1.

6.      The projection showed that expenses for 2018-2019 were anticipated to exceed revenue by $7,617,518.36. *See* Ex. 1. This deficient spending would place PCSSD's ending fund balance at 7.37%. *See* Ex. 1.

7.      Ms. Palmer testified that this deficit spending would result in a declining fund balance, which could cause PCSSD to re-enter fiscal distress, a classification PCSSD had already overcome years prior when under state control. *See* testimony of Denise Palmer from administrative hearing, attached to PCSSD's Motion for Summary Judgment as Exhibit 2.

8.      Paul Brewer, Chief Executive Officer in 2018-2019, testified that he was part of the 2018-2019 budget allocations to the PCSSD Board in April of 2018. *See* Deposition of Paul Brewer, pp 5-6, attached to PCSSD's Motion for Summary Judgment as Exhibit 3. *See also* Second Amended Complaint, ECF Doc. 22, at ¶ 5, confirming the board meetings were April 10 and 19 of 2019.

9.      Brewer testified that the allocations, as presented, did not satisfy the Board, and Brewer and Dr. Warren, interim superintendent, were instructed to go back to the drawing board

and look for budget reductions that could be made in the central office staff. Ex. 3 at p. 6. Ultimately, administrative positions in multiple departments were non-renewed. *Id*.

10. Ultimately, to make additional cost savings, it was decided that budget reductions were necessary in the learning services department, which housed the Program Administrators three African American employees (Plaintiffs Beasley, Pride and Townsend) and two white employees. *See* ECF Doc. 22 at ¶ 24. All five employees were non-renewed for the 2018-19 year, bringing substantial savings to PCSSD.

11. Interim Superintendent Dr. Janice Warren agreed to and recommended the non-renewals of Plaintiffs to the school board by signing the April 27, 2018 non-renewal letters, providing notice to each Plaintiff that their contracts would be nonrenewed for the 2018-2019 school year, consistent with the Arkansas Teacher Fair Dismissal Act. *See* Notice of Non-renewal Letters for Plaintiffs, attached to PCSSD's Motion for Summary Judgment as Exhibit 4.

12. These notice of nonrenewal letters explained that Plaintiffs' positions as district curriculum Program Administrators were being eliminated to reduce expenditures, and Plaintiff Shirley's contract was being reduced in days. *See* Second Amended Complaint at ¶ 28.

13. These non-renewals were not the result of a reduction in force, as defined by PCSSD's policies and procedures, but were complete non-renewals of the positions, or reduction of contract days in the case of Plaintiff Shirley. *See* testimony of Paul Brewer from administrative hearing, p. 86, attached to PCSSD's Motion for Summary Judgment as Exhibit 5.

14. The goal of these changes in the learning services department which housed the Plaintiffs was to combine some positions and downgrade other positions to save costs and ultimately meet the necessary budget expectations for 2018-19. *See* Ex. 3, Deposition of Paul Brewer, p. 77.

15.	From the five Program Administrator positions eliminated for 2018-19, two new Instructional Specialist positions were created and filled by Bobbette Ray (white), who was previously a Program Administrator, and Dr. Laura Strickland (black), who was not previously employed with PCSSD.  *See* Ex. 3 at 85.

16.	Of the three Plaintiffs who were Program Administrators, only Plaintiff Townsend applied for one of the new Instructional Specialist positions, which she did not receive.  *See* Deposition of Plaintiff Townsend, pp. 22-23, attached to PCSSD's Motion for Summary Judgment as Exhibit 6.  Plaintiffs Pride and Beasley admitted they did not apply for the newly created Instructional Specialist positions.  *See* Deposition of Pride at p. 31 and Deposition of Beasley at pp. 36-37, attached to PCSSD's Motion for Summary Judgment as Exhibits 7 and 8.

17.	Plaintiff Shirley's contract was reduced from twelve months to eleven months, cutting her pay by around $10,000.00, but she remained the Director of Gifted and Talented Education.  *See* Second Amended Complaint at ¶ 11.  Shirley was offered an additional stipend to make up for this reduction, which she turned down.  *See* Answer to Second Amended Complaint at ¶ 9.

18.	Plaintiff Shirley claims that she was retaliated against, after she filed the original complaint in this case, by being refused the chance to exercise "bumping rights" given to those who have been subjected to reduction in force.  *See* Second Amended Complaint at ¶ 11 and 15.  Shirley's reduced contract was not the result of a reduction in force, but was the product of a non-renewal, as clearly outlined in District policies.  *See* Ex. 5, Administrative Hearing Testimony of Brewer, p. 86.

19.	Defendants have denied all claims brought against them by Plaintiffs or that they violated any applicable law.

20. Defendants assert that Plaintiffs were not discriminated against for any reason in violation of applicable law, nor did Defendants violate any rights or duties owed to Plaintiffs.

        Respectfully submitted,

        BEQUETTE, BILLINGSLEY & KEES, P.A.
        425 West Capitol Avenue, Suite 3200
        Little Rock, AR 72201-3469
        Phone: (501) 374-1107
        Fax: (501) 374-5092
        Email: jbequette@bbpalaw.com
        Email: ckees@bbpalaw.com

By:    **W. Cody Kees**
        Jay Bequette, Ark. Bar No. 87012
        W. Cody Kees, Ark. Bar No. 2012118